IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA K. McCRARY,           § | |
|     Plaintiff,           § | |
| § | Civil Action No. 3:12-CV-00034-B (BF) |
| v.           § | |
| § | |
| THE GREENVILLE POLICE           § | |
| DEPARTMENT, et al.,           § | |
|     Defendants.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the Motion to Dismiss ("Motion," doc. 7) of Defendants Joel Littlefield ("Littlefield") and Brandi Painter ("Painter") to the United States Magistrate Judge for findings, conclusions, and recommendation. On April 17, 2012, this Court took the Motion under consideration and issued Orders with respect to a number of non-dispositive motions that had been referred by the District Judge.

One of the non-dispositive motions was Linda K. McCrary's ("Plaintiff's") Motion for Leave to File Amended Complaint ("Motion to Amend," doc. 15). Plaintiff had stated that if the Court granted her leave to file a First Amended Complaint, she would dismiss with prejudice all of her claims against Littlefield and Painter based upon their prosecutorial immunity. Accordingly, the Court granted Plaintiff leave to file an Amended Complaint that complies with Fed. R. Civ. P. 8(a) with respect to the other defendants she had named and that dismissed her claims against Littlefield and Painter. The deadline for filing the Amended Complaint was April 26, 2012.

Plaintiff failed to Comply with this Court's Order of April 17, 2012; she has not filed an amended complaint that complies with FED. R. CIV. P. 8(a), as ordered. Plaintiff has filed a number of other pleadings, such as purported "interlocutory appeals" but she has not obtained

permission from the District Court or the Fifth Circuit Court of Appeals to file any interlocutory appeals.  The Court finds that neither "Plaintiff's Motion to File 'Corrected' Motion for Leave to File Amended Complaint" (doc. 34) nor the 42-page "Plaintiff's Motion of Notice Pleading" (doc. 33) can be construed as the required Amended Complaint.

For these reasons, the Court addresses the Motion of Littlefield and Painter (doc. 7). Littlefield and Painter contend: (1) federal law does not include a malicious prosecution claim; (2) if it did, any such federal claim would be barred by the statute of limitations; (3) Defendants are entitled to absolute prosecutorial immunity and to qualified immunity from any such federal claim; (4) any state malicious prosecution claim is barred by the statute of limitations; and (5) Defendants are entitled to absolute prosecutorial immunity and official immunity from any malicious prosecution claim.  Plaintiff has failed to controvert these contentions by Littlefield and Painter.

### Legal Standard

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged.  *Id.* (citing *Twombly*, 550 U.S. at 556).  A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility.  *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action

2

is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## Analysis

Plaintiff's Original Complaint names Littlefield as a "Prosecutor," and Painter as an "Assistant Prosecutor." Plaintiff alleges that rogue cops conspired with "the corrupt rogue prosecutors" named Joel Littlefield and Brandi Painter to sign off on their bogus charges against her by filing fabricated and bogus charges against her on behalf of the state of Texas for Assault by Threat, Resisting Arrest, and Simple Assault. (Orig. Compl., unnumbered p. 7.) Plaintiff further alleges that ". . . the outcome of the evidence will support my allegations which would mean that [internal affairs-Buddy Oxford] would have to refer it to the local prosecutor Joel Littlefield (whom I also believe is corrupt) and did conspired [sic] with corrupt rogue cops Meeks, Malloy, and Phillips to frame me for falsely [sic] arrest, false imprison[sic], and maliciously prosecute me on the night of 02/119/2010 [sic] for bogus assault by threat, resisting arrest , and simple assault by contact charges." (Orig. Compl., unnumbered p. 13.)

Plaintiff further alleges:

> [T]he corrupt prosecutor Joel Littlefield also falsely accused me of simple assault by contact rather than the bogus assault by threat charge that I was framed for by rogue cops Meeks, Malloy, and Phillips. I also believe that the corrupt prosecutor went along with the rogue cops Meeks, Malloy and Phillips frame up against me with another fabricated bogus charge of simple assault by contact dated 04/09/2010 because he conspired to join them in their mission to intentionally inflict mental

3

anguish, emotional distress, and oppression ect [sic] on me, as well.

(Orig. Compl., unnumbered p. 19.)

## **Prosecutorial Immunity**

Prosecutors are immune from liability in suits under 42 U.S.C. § 1983 for acts that are within the scope of prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 422 (1976). The Fifth Circuit Court of Appeals, in interpreting *Imbler*, has extended prosecutorial immunity to a prosecutor's actions in initiating, investigating and pursuing a criminal prosecution. *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. 1979); *Conner v. Pickett*, 552 F.2d 585 (5th Cir. 1976). "Not all of an advocate's work is done in the courtroom. For a lawyer to properly try a case, he must confer with witnesses, and conduct some of his own factual investigation." *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). Plaintiff has not alleged many facts with respect to complained-of actions by the prosecutors, but to the extent she has stated any facts, they are clearly within the *Imbler* shelter.

To the extent Plaintiff alleges that all of the defendants, including the prosecutors, were engaged in a conspiracy to deprive her of her constitutional rights, Plaintiff has failed to allege facts showing the existence of a conspiracy. The pleadings and affidavits merely contain bare allegations that all of the defendants "conspired" to deprive her of her rights. Accordingly, Plaintiff fails to state a claim in this regard. *Henzel*, 608 F.2d at 659.

Plaintiff fails to allege any facts with respect to the prosecutors that are (1) not protected by prosecutorial immunity, or (2) more than mere conclusions or personal beliefs. The Motion should be granted.

## **RECOMMENDATION**

4

The Motion should be **GRANTED** based upon prosecutorial immunity and conclusory, unsupported allegations based on Plaintiff's beliefs. Plaintiff's claims against Littlefield and Painter should be dismissed with prejudice.

SO RECOMMENDED, May 24, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).